# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DONALD JONES,[1] )
)
    Plaintiff, )
)
v. ) No. 4:08CV00316 ERW
)
CORRECTIONAL MEDICAL )
SERVICES, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a).[2] The Court has reviewed the complaint and finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

---

[1] Plaintiff is also attempting to bring this case on behalf of all persons similarly situated.

[2] Although plaintiff filed a motion to proceed in forma pauperis and a motion to "suspend filing fee," he paid the full filing fee on March 6, 2008. Accordingly, the Court will deny plaintiff's motions as moot and review his complaint pursuant to § 1915A.

Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his civil rights. Named as defendants are: Correctional Medical Services ("CMS"); Elizabeth Conley (Director of CMS); Judy Hudson (Asst. Director of CMS); Terri Bishop (nurse); Harry Haas (doctor); Glenn Babich (doctor); John Treu (attorney for

CMS); Tom Villmer (Asst. Superintendent of ERDCC); John Bains (Unit Manager); Vicki Myers (Director, Missouri Division of Human Services for the Missouri Department of Corrections); Jeremiah Nixon (Attorney General of the State of Missouri); Paul Harper (Asst. Attorney General); Doris Brooks (librarian); Deborah Wafer (public defender); and Mark Flanegin (Staff Attorney, Office of the Chief Disciplinary Counsel for the State of Missouri).

Plaintiff claims that CMS and its administrators, including defendants Conley and Hudson, were deficient in failing to schedule the plaintiff for an MRI on or about October 3, 2003 when he had symptoms of "coughing and choking." Plaintiff does not state, however, that he made a request for such services directly to defendants Conley or Hudson or that either individual actually denied him services.

Plaintiff asserts that defendant Bishop acted "maliciously" when she failed and/or refused to take his blood pressure on or about October 3, 2004. Plaintiff also claims that defendant Haas acted unlawfully on or about January 21, 2005 when he failed to order him a neck brace and new insoles after he complained of pain in his neck and foot relating to injuries that had occurred in 2001 and 2004. Plaintiff additionally asserts that defendant Babich placed him in danger of "future health risks" when he failed to order him an MRI after plaintiff complained to him that he was having nightly spells of "coughing and choking."

Plaintiff asserts that defendant Treu, attorney for CMS, "owed [him] a duty of care to support [him] in his medical civil rights argument." Plaintiff claims that defendants Villmer and Bains, administrators at ERDCC, intended to deprive him of his constitutional rights because they "knew or should have known that being in a position of responsibility in a reckless disregard for the plaintiff's health and well-being, as he tries to avoid stroke, cancer or death while incarcerated." Plaintiff does not state, however, that he sought medical care from either individual. Plaintiff asserts that defendant Myers, Director of the Division of Human Services for the Missouri Department of Corrections, should be liable for failing to act when he complained to her that he was a "victim of elder abuse" because exceptions were not being allowed for inmates with routine health problems to take the "short way" from chow.

Plaintiff claims that defendant Nixon and defendant Harper unlawfully retaliated against him for filing a lawsuit in St. Francois County Court. As "evidence" of the retaliation, plaintiff asserts that he was contacted by the finance officer on April 23, 2004 and told that there was a Missouri State Employees' Retirement System check for $179.75 in his office that was "put on a waiting period." Plaintiff has not included any allegations linking either defendant Nixon or defendant Harper with these events.

Plaintiff asserts that defendant Brooks denied him access to the law library, and as a result, he failed to "argue case number 05AG-0000319...in the Circuit Court of St. Francois County," in which plaintiff was seeking health care for the prisoners of Missouri.

Plaintiff also asserts that his public defender, defendant Wafer, failed to provide him with proper representation during his criminal proceedings in 1992, and that defendant Flanegin, Staff Attorney for the Missouri Office of the Chief Disciplinary Counsel, failed to investigate defendant Wafer's actions.

## Discussion

After a review of the complaint, the Court will dismiss plaintiff's action in its entirety.

Although naming CMS as a defendant, plaintiff has not alleged facts showing any direct action by CMS or its administrators, defendants Conley or Hudson. Instead, his claims against this corporate defendant, as well as defendants Conley and Hudson, appear to rely on the doctrine of respondeat superior. "It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action." Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir.1990).

Likewise, plaintiff has not alleged a policy by CMS that caused his injuries. In Sanders v. Sears Roebuck and Company, 984 F.2d 972 (8th Cir.1993), the court held

that a corporation acting under color of state law will be held liable under section 1983 only for its own unconstitutional policies or actions. "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Id., 984 F.2d at 976. Thus, to state a viable claim against CMS for an injury caused by an unconstitutional policy, plaintiff must allege facts indicating that the doctors or nurses of CMS acted pursuant to an official CMS policy and the official policy is responsible for plaintiff being denied constitutionally adequate medical care. In this case, plaintiff has not done so. Accordingly, plaintiff fails to state a claim for relief against CMS or defendants Conley or Hudson.

Plaintiff's claims against defendants Villmer and Bains, administrators at the ERDCC, also fail, as he has not alleged that they were directly involved with any purported violations of his constitutional rights. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Similarly, plaintiff has not provided any allegations showing a causal connection to the "waiting period" he was forced to endure to get his retirement check and any actions by defendant Nixon and Harper. See, e.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

Plaintiff's claims against defendant Brooks for denial of access to the law library are also without merit, as he has not alleged that he suffered an injury to any pending legal claims. See, e.g., Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). ("To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."). Plaintiff's only allegation is that he was unable to "argue" his case, but he has not stated that he suffered any adverse judgment or dismissal of the case as a result of this purported failure.

The complaint additionally fails to state a claim upon which relief can be granted as to defendant Wafer because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Nor can he sustain a claim against defendant Flanegin, a staff attorney at the Missouri Office of the Chief Disciplinary Counsel, as the Office of the Chief Disciplinary Counsel is immune from suit for any conduct in the course of their official duties. Mo. Sup Ct. Rules 5.315(c). Similarly, defendant Treu has no legal responsibility to "support [plaintiff] in his medical civil rights argument" against defendant Treu's employer. Nor can defendant Myers be held liable for failing to overrule ERDCC policy negating plaintiff from taking the "short way" from chow. To establish a prima facie case under 42 U.S.C. §

1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of right of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's allegations against defendant Treu and defendant Myers simply do not claim constitutional or statutory violations.

Lastly, plaintiff's claims against defendants Bishop, Haas and Babich, for failing to take his blood pressure on one occasion, failing to prescribe him a neck brace and provide him with new insoles, and failing to order an MRI, respectively, fail to state a claim for relief.

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. Alberson v. Norris, 458 F.3d 762, 765-66 (8th Cir. 2006). A prima facie case alleging deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and the "prison officials actually knew of but deliberately disregarded" that need. Id. Medical malpractice alone, however, is not actionable under the Eighth Amendment. Smith v. Clarke, 458 F.3d 720, 724 (8th Cir. 2006). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg

v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003).

Plaintiff's allegations regarding his denials of medical care fail to show that he was suffering from an objectively serious medical need or that the prison officials knew of, but disregarded, that need. Simply put, plaintiff's complaint is devoid of any allegations of a serious medical condition, and merely contains conclusory allegations of the types of tests and medical interventions he believed he was due. Moreover, a review of the appendices attached to plaintiff's complaint[3] show that the doctors and medical personnel at CMS were responding to his medical complaints but that he was in disagreement with their treatment decisions. As such, plaintiff has failed to allege deliberate indifference to serious medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] and plaintiff's motion to suspend the filing fee [Doc. #3] are **DENIED AS MOOT**.

---

[3] A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. Fed.R.Civ.P. 10(c).

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915A(b).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT.**

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 24th Day of April, 2008.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE